IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| v. | ) No. 04 CR 464-5 |
| | ) |
| | ) |
| | ) |
| Melvin Herbert, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### Memorandum Opinion and Order

Melvin Herbert is among the high-ranking members of the Black Disciples ("BD") street gang seeking relief pursuant to the First Step Act from hefty sentences they received in 2006 and 2007 for their leadership roles in a vast and long-running narcotics conspiracy. Herbert, who was sentenced to 310 months' incarceration, asks me to lop off nearly half of his custodial sentence and reduce it to time served. For the reasons explained, I deny that request but grant a reduction in his sentence to a term of 250 months.

Mr. Herbert is eligible First Step Act relief because he was convicted on a plea of guilty to Count I of the superseding indictment, which charged the "covered offense" of a conspiracy to distribute drugs that included crack cocaine. *See United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020) (statute of conviction,

not offense conduct, determines eligibility); *see also United States v. Hudson*, No. 19-2075, 2020 WL 4198333, at *3 (7th Cir. July 22, 2020) (defendant convicted of multi-object conspiracy involving crack was eligible for relief where the resulting sentence incorporated crack offense). I thus look to the "familiar framework" of 18 U.S.C. § 3553(a) to decide whether to grant discretionary relief. *Shaw*, 957 F.3d 741.

Mr. Herbert had an extensive criminal history at the time of his sentencing, warranting a criminal history category of VI. Considering Mr. Herbert's background and characteristics, I found that he had an exceptionally difficult childhood, with a father who died before his birth and a mother who was addicted to heroin. Lacking adult role models or a supportive family environment, Mr. Herbert grew up on the streets, where he never learned to read or write, joined the BDs in his teens, and held little to no lawful employment prior to his incarceration. While I considered Mr. Herbert's lack of family or community support in mitigation at his sentencing, these same factors make me reluctant to release him back into the community after serving only about half of his sentence. It is true that Mr. Herbert has taken some courses and participated in prison programming in an effort to develop productive life skills, but he has also accumulated several disciplinary infractions during his period of incarceration, including for threatening or violent behavior. *See* Def.'s Grp.

2

Exh. 1 at pp. 13720 (08-02-2018 for stalking) and 13721 (11-13-2012 assaulting without serious injury and disruptive behavior). Moreover, Mr. Herbert does not appear to have a stable release plan, and indeed, it is unclear where he intends to live. Although Mr. Herbert's attorney states that one of his daughters has agreed to welcome him into her home, he points to no evidence in the record to support that statement.

Mr. Herbert's conduct in connection with the conspiracy to which he pled guilty was extremely serious. In addition to being accountable for the sale of massive quantities of drugs, Mr. Herbert conducted or participated in meetings in which gang members were disciplined for violating gang rules. At these meetings, it was decided that gang members who failed to follow orders, stole drugs or drug proceeds, or cooperated with law enforcement, for example, would be fined, beaten, shot, or killed. *United States v. White*, 582 F.3d 787, 794 (7th Cir. 2009).

Further, unlike Mr. Herbert's co-defendants who agreed to a specific sentence pursuant to Fed. R. Crim. Pro. 11(c)(1)(c) in exchange for cooperation, were nearing the end of their custodial sentences at the time they sought relief under the First Step Act, and/or made substantial rehabilitative progress while incarcerated, Mr. Herbert entered a blind plea, is years away from his projected release date, and appears to have made only modest progress. Still, Mr. Herbert has spent roughly sixteen years in

3

prison, is now in his 50s, and his disciplinary record in prison shows no incidents since August of 2018.

In view of all of the foregoing factors, and serve the interests of punishment and deterrence while avoiding unwarranted sentencing disparities between Mr. Herbert co-defendants who were similarly situated to him in some respects, I conclude that a reduced custodial sentence of 250 months is appropriate. His sentence otherwise remains unchanged.

                                    **ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

                                    **Elaine E. Bucklo**
                                    United States District Judge

Dated: October 2, 2020